IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LISA LETT VOORHIS**,

    Plaintiff,

vs.                                              No. 12cv01080 RB/RHS

**BOK FINANCIAL CORPORATION;**
**BOKF, NA,**

    Defendants.

## MEMORANDUM OPINION AND ORDER TRANSFERRING VENUE

**THIS MATTER** comes before the Court on the Defendants' *Motion to Transfer Venue Pursuant to Rule 1404(a)*, filed January 25, 2013 [Doc. 36]. Having considered the submissions of the parties, the relevant law, and being otherwise fully advised, I will grant the motion.

The underlying facts relevant to this motion are undisputed. Defendants seek to transfer the venue of this case to the Northern District of Oklahoma, where pro-se Plaintiff Lisa Lett Voorhis refinanced her mortgage with BOKF, NA, a national bank based in Tulsa, Oklahoma, on her property located in Sperry, Oklahoma. The refinancing was negotiated and closed in Tulsa, Oklahoma in November 2011. At that time, Ms. Voorhis resided at the mortgaged property being refinanced. Ms. Voorhis moved to New Mexico after all of the transactions giving rise to her complaint were completed, and she filed her complaint in October 2012, after she discovered that BOK had allegedly "illegal[ly] liquidate[d] [her] escrow account" by taking amounts intended for escrow to pay for undisclosed closing costs. *See* Compl. at 10, ¶ 46. Ms. Voorhis alleges that Defendants violated the Real Estate Settlement Procedures Act, the Truth in Lending Act and the Oklahoma Secure and Fair Enforcement of Mortgages Act in making disclosures and committing acts associated with the

refinancing and servicing of her mortgage.

Ms. Voorhis and the Defendants intend to call as material witnesses at the trial several of the Defendants' employees and former employees, all of whom reside in Oklahoma. All of these witnesses have submitted affidavits swearing that to travel to New Mexico for trial would cause them significant financial and personal hardships and inconvenience, and that they would not be willing to attend trial in New Mexico. *See* Doc. 36-1, Ex. 1 at 1-15; Doc. 41-1, Ex. 1 at 1-15. The Northern District of Oklahoma is a district where this action might have been brought. No discovery has yet been conducted in this case, and Ms. Voorhis, who is a lawyer, has been granted permission to file electronically. *See* Doc. 19. From the beginning of this case, Defendants have contended that this case should be tried in the United States District Court for the Northern District of Oklahoma. *See* Doc. 15 at 7, ¶ 4; Doc.16 at 9, ¶ 3; Doc. 26 at 10.

Section 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Tenth Circuit has "repeatedly acknowledged that § 1404(a) was intended to revise . . . the common law and that courts therefore enjoy greater discretion to transfer a case pursuant to § 1404(a) than to dismiss the action based upon forum non conveniens." *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 n.13 (10th Cir. 2010) (internal quotation marks and bracket omitted). "[T]he purpose of the section is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).

> In considering a motion to transfer under § 1404(a), [the court] weigh[s] the following discretionary factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (internal quotation marks omitted). The "party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (internal quotation marks omitted). "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Id.* at 966.

. . . .

"[U]nless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed." *Id.* at 965 (internal quotation marks omitted). . . . . [But] Courts [] accord little weight to a plaintiff's choice of forum "where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993). . . . .

. . . .

. . . . "The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Cook*, 816 F. Supp. at 669; *see also Palace Exploration Co.*, 316 F.3d at 1121-22 (limiting its consideration of the § 1404(a) factors to the location of the witnesses). To demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) "indicate the quality or materiality of the[ir] testimony"; and (3) "show[ ] that any such witnesses were unwilling to come to trial ... [,] that deposition testimony would be unsatisfactory[,] or that the use of compulsory process would be necessary." *Scheidt*, 956 F.2d at 966 (brackets omitted) (internal quotation marks omitted).

. . . .

The difficulties of court congestion weigh against transfer. When evaluating

> the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge.
>
> . . . .
>
> . . . . In a diversity action, courts prefer the action to be adjudicated by a court sitting in the state that provides the governing substantive law. *See Tex. E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567-68 (10th Cir.1978); *Cook*, 816 F. Supp. at 669.

*Id.* at 1167-69 (footnote omitted).

"[I]n determining what events or omissions give rise to a claim, 'the focus is on relevant activities of the defendant, not of the plaintiff.' *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995)." *Goff v. Hackett Stone Co.*, No. 98-7137, 185 F.3d 874, 1999 WL 397409, *1 (10th. Cir. June 17, 1999) (unpublished).

The Court concludes that the Defendants have met their burden of demonstrating that transfer to the Northern District of Oklahoma clearly would best serve the convenience of the parties and witnesses and the interests of justice. Ms. Voorhis' choice of forum does not weigh in favor of maintaining venue in New Mexico because the Defendants' activities allegedly giving rise to the claim all occurred in Oklahoma and none of the facts giving rise to Ms. Voorhis' current claims have any connection with New Mexico. Ms. Voorhis apparently still owns her property in Oklahoma. *See* Doc. 39 at 5.

The accessibility and convenience of the material witnesses (except for Ms. Voorhis), and the unavailability of compulsory process to insure attendance of witnesses in New Mexico weighs heavily in favor of transferring venue to the Northern District of Oklahoma, where all of the material witnesses reside. The Court agrees with the United States Supreme Court's statement that,

"[c]ertainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants." *Gulf Oil Corp. v. Gilbert*, 330 U.S. at 501, 511 (1947) (discussing convenience under the common-law doctrine of *forum non conveniens*, which is superceded by § 1404(a) when a federal court considers transfer to another federal court).  Ms. Voorhis invites the Court to consider the difference in the wealth between herself and Defendants, but she has supplied no information about her income from which the Court could determine her financial ability to litigate her claims in Oklahoma.  Indeed, it costs no more for Ms. Voorhis to travel to Oklahoma to take depositions of witnesses who would refuse to appear for trial in New Mexico than it costs for her to go there once for a trial.  Further, it costs her nothing to electronically file her motions in either District.

The Court has reviewed the September, 2012 case load statistical evidence for the two Districts found at http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics.aspx. The median time from filing a civil case to a disposition in New Mexico is 8.5 months; in the Northern District of Oklahoma it is 11.8 months.  The median time from filing a civil case to trial in New Mexico, however, is 29.6 months; it is 21.7 months in the Northern District of Oklahoma.  New Mexico has 375 pending cases per judge; the Northern District of Oklahoma has 288 pending cases per judge, and New Mexico has an average of 527 weighted filings per judge, while the Northern District of Oklahoma has an average of 311 weighted filings per judge.  Thus, this Court's burdensome caseload[1] indicates that difficulties could arise in New Mexico in getting this case tried in a reasonable amount of time because of our heavy criminal docket, and it would better serve the

---

[1] This Court has 446 criminal felony filings per judge, while the Northern District of Oklahoma has only 71 criminal felony filings per judge, which is an enormous difference, especially considering the fact that criminal trials must take precedence over civil matters.

5

interests of justice for both parties to litigate the case in the Northern District of Oklahoma.

Finally, because Ms. Voorhis' Complaint has a state-law claim brought under Oklahoma law, a federal court sitting in Oklahoma, familiar with Oklahoma law, is better suited to adjudicate that claim. Although Ms. Voorhis states that she intends to amend her Complaint to add two causes of action under the New Mexico statutes, at this juncture the Court will not predict whether amendment is proper. The balance of the relevant factors strongly weighs in favor of the Defendants and clearly outweighs Ms. Voorhis's interest in maintaining her chosen forum to litigate her claims.

The Court concludes that the interests of justice are better served, and the convenience of the material witnesses is greatly served by transferring this case to the Northern District of Oklahoma.

**WHEREFORE,**

**IT IS ORDERED** that the Defendants' motion to transfer venue [Doc. 36] is GRANTED;

**IT IS FURTHER ORDERED** that this case is hereby **TRANSFERRED** to the United States District Court for the Northern District of Oklahoma.

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**